UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADALYN M. SOULLIERE,

      Plaintiff,                            Case No. 23-cv-10597

v.                                   HON. MARK A. GOLDSMITH

SPEEDWAY, LLC,

      Defendant.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED 2/22/24 (Dkt. 27); (2) GRANTING PLAINTIFF'S MOTION TO CLOSE AND SEAL IN PART (Dkt. 24); AND (3) DISMISSING THE CASE WITH PREJUDICE**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on 2/22/24 (Dkt. 27). In the R&R, the magistrate judge recommends that the Court grant Plaintiff Madalyn M. Soulliere's motion to close and seal (Dkt. 24). Although Soulliere seeks to "close and seal" the case based on the parties having settled, there is no elaboration on the request to seal.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); <u>Lardie v. Birkett</u>, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  However, there is some authority that a district court is required to review the R&R for clear error.  <u>See</u> Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Therefore, the Court has reviewed the R&R for clear error.  On the face of the record, the Court finds no clear error and accepts the recommendation.

Although Soulliere characterizes her motion as a "motion to close and seal," based on the parties having settled, there is no elaboration as to why the case should be sealed in its entirety. The Sixth Circuit has cautioned against sealing court records without detailed explanation and justification.  <u>See</u> <u>Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299, 305 (6th Cir. 2016) (noting the "strong presumption in favor of openness" for court records and explaining that the burden of overcoming that presumption "is a heavy one"); E.D. Mich. LR 5.3. The Court understands the R&R to be recommending that the motion be granted only insofar as it seeks dismissal and closure of the case, but not as to its sealing.  This accords with <u>Shane</u>.

Accordingly, the Court grants Soulliere's "motion to close and seal" (Dkt. 24) only as to the request to dismiss and close the case.  The case is dismissed with prejudice and it is closed.


SO ORDERED.

Dated:  March 20, 2024                    s/Mark A. Goldsmith
        Detroit, Michigan                 MARK A. GOLDSMITH
                                          United States District Judge